Jacob I. Storms, appellant,

*v.*

John Quackenbush, respondent.

One of two executors collected a large amount of money due the estate, without his co-executor's knowledge, and, in order to secure the estate, gave a mortgage on his own lands, payable to himself and his co-executor. The property covered by the mortgage was sold under a prior mortgage, and nothing realized therefrom for the estate. *Held*, that the delinquent executor was not, by giving the mortgage, exonerated from liability to his co-executor.

On appeal from decree of Passaic orphans court.

*Mr. H. S. Drury*, for appellant.

*Mr. Luther Shafer*, for John Quackenbush.

*Mr. R. I. Hopper*, for Margaret A. Yeomans et al.

The Ordinary.

Jacob I. Storms and John Quackenbush are the executors of Samuel J. Yeomans, deceased. Storms collected a large amount of money due the estate, without the knowledge of Quackenbush. To secure it to the estate, he gave Quackenbush a mortgage, made in favor of himself and Quackenbush, as executors, for $2,400, and interest. No part of the principal of the mortgage was ever paid, and Quackenbush has charged himself with all the interest he received upon it. There was a prior mortgage for $950 on the property, under which it was sold on foreclosure, and it brought no more than enough to pay that mortgage. The controversy between the parties to this appeal is as to the liability of Quackenbush to answer in exoneration of Storms for the amount of the mortgage. Storms claims that it was understood

and agreed between them, when the mortgage was taken, that it was accepted in discharge of his liability to the estate, and that on giving it he was to be regarded as released. After giving the mortgage, Storms sold the mortgaged premises to Van Wagoner, by whom they were sold to Berry, who, at Quackenbush's request, conveyed them to Quackenbush's wife. In obtaining a conveyance to his wife, Quackenbush seems to have been actuated merely by a desire to get the rents for the estate. He bought the property at the sheriff's sale, under foreclosure of the prior mortgage, and paid the percentage required as a deposit, but, for want of money, did not complete the purchase, and the property was therefore resold. Nothing was realized from the sale to be applied to the mortgage held by him for the estate. The mortgage, as before stated, was given to both executors, Storms and Quackenbush. Storms did not pay his debt by giving the bond and mortgage, nor did he, by that means, obtain a discharge from his liability to the estate for it. He seeks to shift the debt from himself to his co-executor, simply on the ground that, as he says, the latter was willing to accept, in discharge of his liability, his obligation, instead of the debt; to accept a pledge of property to secure the debt, instead of requiring him to pay the money. His claim is not sustained. The very bond and mortgage themselves show that no release to him was contemplated, for they are in favor of himself as well as Quackenbush. Quackenbush testifies that they were taken to accommodate Storms and protect the estate. Storms is chargeable with the money. The decree of the court below will therefore be affirmed, with costs.